**CASE CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BILLY BALISAGE, | Civil Action No. 16-1014 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| CHARLES GREEN, | |
| Respondent. | |

This matter having been opened to the Court by Petitioner's filing of a Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1), and it appearing that:

1. Petitioner has stated in his Petition that he has been detained without a bond hearing by Immigration and Customs Enforcement ("ICE") since July 25, 2015.[1] (*Id.*, Pet. at pg. 2.)

2. On March 21, 2016, the Court directed the Respondent to state the basis for Petitioner's detention and to respond to the allegations in the Petition. (ECF No. 2.)

3. On May 5, 2016, Assistant United States Attorney Anthony J. LaBruna filed a letter response and attachments on behalf of Respondent. (ECF No. 3, Letter Response from AUSA LaBruna.) The letter informed the Court that Mr. Balisage is detained during his removal proceedings pursuant to 8 U.S.C. § 1226(c). (*Id.* at 2.) The letter also states as follows: "based upon the current facts, the United States does not object to the Court remanding this matter to the

---

[1] The Government's letter response indicates that Petitioner was taken into custody on July 31, 2015. (*See* ECF No. 3, Letter Response from AUSA LaBruna (citing ECF No. 3-1, Notice to Appear attached to Letter Response as Ex. A).)

1

Immigration Judge, and ordering a bond hearing for the Petitioner in accordance with applicable law and regulation." (*Id.* (citing 8 C.F.R. § 1003.19(c).)

4. As noted in Mr. LaBruna's letter, the Third Circuit recently held that the Due Process Clause limits the Government's authority under 8 U.S.C. § 1226(c) to detain an alien without bond once the burdens to the alien's "liberties outweigh[] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 478 (3d Cir. 2015) (finding that "beginning sometime after the six-month timeframe considered by *Demore* [*v. Kim*, 538 U.S. 510 (2003)], and certainly by the time Chavez–Alvarez had been detained for one year, the burdens to Chavez–Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute"). The Third Circuit noted, however, that the determination of reasonableness of detention is "highly fact-specific." *Id.* at 474, 476-477 (explaining that the Petitioner's good faith, the bona fides of Petitioner's challenge, and the reasonableness of the Government's conduct matter in determining when "a tipping point had been reached on the reasonableness of this detention").

5. Here, Petitioner has been in ICE custody for more than nine months. Respondent has informed the Court that Petitioner's detention is governed by § 1226(c), and that it does not object to Petitioner's request for a bond hearing. For these reasons, and because Petitioner's case does not appear meaningfully distinguishable from *Chavez-Alvarez*, this Court will grant the Petition and order an Immigration Judge to conduct a bond hearing for Petitioner.

**IT IS, THEREFORE,** on this 19th day of May, 2016,

ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is GRANTED; and it is further

2

ORDERED that an Immigration Judge shall provide Petitioner with an individualized bond hearing, pursuant to 8 U.S.C. § 1226, within ten (10) days of the date of this Order; and it is further

ORDERED that the Government shall report the outcome of the bond proceeding to this Court within seven (7) days after it occurs; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon the parties, and shall close the file.

/s/ _____
Madeline Cox Arleo, District Judge
United States District Court